# Exhibit B

IN THE MATTER OF AN ARBITRATION
BEFORE THE AMERICAN ARBITRATION ASSOCIATION

AAA Case No. 01-14-0001-6513

MARK LINKOVICH, individually and on behalf of similarly situated persons,

Plaintiff,

v.

CAPITAL PIZZA HUTS, INC. and KENNETH WAGNON,

Defendants.

## AMENDED STATEMENT OF CLAIM

Plaintiff Mark Linkovich, individually and on behalf of all other similarly situated delivery drivers, for his Statement of Claim against Defendants Capital Pizza Hut, Inc. and Kenneth Wagnon, alleges:

1. Defendants operate approximately 88 Pizza Hut franchise restaurants in Maine, New Hampshire, New Jersey, North Carolina, Tennessee, Vermont and Virginia. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to Defendants' customers. Instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the

1

drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff Mark Linkovich brings this arbitration as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum wages owed to himself and similarly situated delivery drivers employed by Defendants at their Pizza Hut restaurants.

## Jurisdiction

3. The FLSA authorizes actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and the parties' arbitration agreement.

## Parties

4. Defendant Capital Pizza Huts, Inc. ("CPH") is a Colorado corporation.

5. Defendant Kenneth Wagnon is a Kansas resident. Mr. Wagnon is individually liable under the FLSA because he holds the power to hire and fire employees and he has ultimate control over operations of CPH, conditions of employment, the rate and method of payment, and maintenance of employment records.

6. Alternatively, Mr. Wagnon is liable as he holds a significant ownership interest, serves as a corporate officer, maintains operation control of significant aspects of CPH's day-to-day functions including compensation of employees, and he has made the decision to continue operating the business despite financial adversity and the pay and

2

reimbursement practices described below (which Plaintiffs allege fail to meet CPH's statutory responsibility).

7. Plaintiff Mark Linkovich was employed by Defendants from approximately January 2012 to August 2014 as a delivery driver at its Pizza Hut restaurant in Lewiston, Maine. Plaintiff Linkovich's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) was attached to his original Statement of Claim as Exhibit 1.

## General Allegations

*Defendant's Business*

8. Defendants own and operate approximately 88 Pizza Hut franchise restaurants in states including Maine, New Hampshire, New Jersey, North Carolina, Tennessee, Vermont and Virginia.

9. Defendants' Pizza Hut restaurants employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Reimbursement Policy*

10. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

11. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

3

12. Defendants' delivery driver reimbursement policy reimburses drivers on a per delivery basis, but given the distance of the average delivery the per delivery reimbursement equates to a per mile rate far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

13. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

14. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.555 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.585 and $.608 per mile between 2012 and 2014 for drivers who drive a sedan 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

15. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair

4

costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

16. Defendants' reimbursement policy does not reimburse its delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

17. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

18. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage.

19. In sum, Defendants' reimbursement policy and methodology fails to reflect the realities of delivery drivers' automobile expenses.

*Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

20. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

21. Plaintiff Linkovich was paid $7.25 during his employment with Defendants.

22. The federal minimum wage has been $7.25 per hour since July 24, 2009.

23. Plaintiff Linkovich drove a 2001 Nissan Frontier Pickup Truck while delivering pizzas for Defendants.

24. During Plaintiff's employment by Defendants, the per delivery reimbursement rate at the store where Plaintiff worked was approximately $1.30.

25. Throughout his employment with Defendants, Plaintiff experienced an average delivery distance of approximately 5 miles.

26. Thus, during the applicable limitations period, Defendants' average effective reimbursement rate for Plaintiff was approximately $0.26 per mile ($1.30 per delivery / 5 miles per delivery).

27. During this same time period, the IRS business mileage reimbursement rate ranged from $.555 to $.565 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using the IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by

6

approximately $.295 ($.555 - $.26) to $.305 ($.565 - $.26) per mile during the recovery period. Considering Plaintiff's estimate of 5 miles per delivery, Defendants under-reimbursed him at least $1.475 per delivery ($.295 x 5 miles).

28. Defendants did not ask Plaintiff to track his actual automobile expenses, nor is Plaintiff an expert in the field of calculating the cost of automobile usage. However, Plaintiff's actual automobile expenses were at the very least $.50 per mile based on the true cost of owning a car calculated by Edmunds.com for comparable vehicles and based on driving 15,000 miles per year. Using even this conservative under-estimate of Plaintiff's actual expenses, as opposed to the applicable IRS rate, every mile driven on the job decreased his net wages by about $.24 ($.50 - $.26), or $1.20 ($.24 x 5 miles) per delivery.

29. During his employment by Defendants, Plaintiff typically averaged approximately 2.5 deliveries per hour.

30. Thus, depending on whether Defendants' reimbursement rate is compared to the IRS rate or to a conservative under-estimate of Plaintiff's actual expenses, Plaintiff has consistently "kicked back" to Defendants between approximately $3.00 per hour ($1.20 per delivery x 2.5 deliveries per hour) and $3.69 per hour ($1.475 per delivery x 2.5 deliveries per hour), for an effective hourly wage rate between $3.56 ($7.25 per hour - $3.69 kickback) and $4.25 ($7.25 per hour – $3.00 kickback).

31. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

32. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

33. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants have relied on the same flawed policy and methodology with respect to all delivery drivers at all of their other Pizza Hut restaurants. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

34. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

8

35. The net effect of Defendants' flawed reimbursement policy is that they willfully fail to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

## Collective And Class Allegations

36. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

37. The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

38. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

39. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

   b. They have delivered pizza and other food items using automobiles not owned or maintained by Defendants;

   c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

9

d. They incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendants;

g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and

i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

**Count I: Violation of the Fair Labor Standards Act of 1938**

40. Plaintiff reasserts and re-alleges the allegations set forth above.

41. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

42. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

10

Case 6:15-cv-03443-MDH   Document 3-2   Filed 10/15/15   Page 11 of 15

43. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

44. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

45. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

46. As alleged herein, Defendants have, and continue to, uniformly reimburse delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

47. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

48. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated delivery drivers.

11

Case 6:15-cv-03443-MDH   Document 3-2   Filed 10/15/15   Page 12 of 15

49. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' restaurants.

50. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

51. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable

12

Case 6:15-cv-03443-MDH   Document 3-2   Filed 10/15/15   Page 13 of 15

under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

Dated:   April 1, 2015                                   Respectfully submitted,

| | |
|---|---|
| **PAUL McINNES LLP** | **WEINHAUS & POTASHNICK** |
| Richard M. Paul III | *Mark Potashnick* |
| Jack D. McInnes | Mark A. Potashnick |
| 601 Walnut Street, Suite 300 | 11500 Olive Blvd., Suite 133 |
| Kansas City, Missouri  64106 | St. Louis, Missouri  63141 |
| Telephone:   (816) 981-8100 | Telephone:   (314) 997-9150 |
| Facsimile:   (816) 981-8101 | Facsimile:   (314) 997-9170 |
| paul@paulmcinnes.com | markp@wp-attorneys.com |
| mcinnes@paulmcinnes.com | |

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The foregoing was served on the following counsel of record for Defendant Capital Pizza Huts, Inc. via electronic mail on this 1st day of April, 2015:

Mark C. Tatum
Gregory K. Wu
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
mtatum@shb.com
gwu@shb.com

and on Defendant Kenneth Wagnon by mail on this 1st day of April, 2015 to the following:

Kenneth Wagnon
3445 North Webb Road
Wichita KS 67226

/s/ Mark Potashnick