# Exhibit C

# Supplementary Rules for Class Arbitrations

Rules Effective October 8, 2003
Fees Effective January 1, 2010

## Table of Contents

| | |
|---|---|
| 1. Applicability | 1 |
| 2. Class Arbitration Roster and Number of Arbitrators | 2 |
| 3. Construction of the Arbitration Clause | 2 |
| 4. Class Certification | 2 |
| 5. Class Determination Award | 3 |
| 6. Notice of Class Determination | 4 |
| 7. Final Award | 4 |
| 8. Settlement, Voluntary Dismissal, or Compromise | 5 |
| 9. Confidentiality; Class Arbitration Docket | 5 |
| 10. Form and Publication of Awards | 5 |
| 11. Administrative Fees and Suspension for Nonpayment | 6 |
| 12. Applications to Court and Exclusion of Liability | 6 |

## 1. Applicability

(a) These Supplementary Rules for Class Arbitrations ("Supplementary Rules") shall apply to any dispute arising out of an agreement that provides for arbitration pursuant to any of the rules of the American Arbitration Association ("AAA") where a party submits a dispute to arbitration on behalf of or against a class or purported class, and shall supplement any other applicable AAA rules. These Supplementary Rules shall also apply whenever a court refers a matter pleaded as a class action to the AAA for administration, or when a party to a pending AAA arbitration asserts new claims on behalf of or against a class or purported class.

(b) Where inconsistencies exist between these Supplementary Rules and other AAA rules that apply to the dispute, these Supplementary Rules will govern. The arbitrator shall have the authority to resolve any inconsistency between any agreement of the parties and these Supplementary Rules, and in doing so shall endeavor to avoid any prejudice to the interests of absent members of a class or purported class.

(c) Whenever a court has, by order, addressed and resolved any matter that would otherwise be decided by an arbitrator under these Supplementary Rules, the arbitrator shall follow the order of the court.

## 2. Class Arbitration Roster and Number of Arbitrators

(a) In any arbitration conducted pursuant to these Supplementary Rules, at least one of the arbitrators shall be appointed from the AAA's national roster of class arbitration arbitrators.

(b) If the parties cannot agree upon the number of arbitrators to be appointed, the dispute shall be heard by a sole arbitrator unless the AAA, in its discretion, directs that three arbitrators be appointed. As used in these Supplementary Rules, the term "arbitrator" includes both one and three arbitrators.

## 3. Construction of the Arbitration Clause

Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award. Once all parties inform the arbitrator in writing during the period of the stay that they do not intend to seek judicial review of the Clause Construction Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the arbitration on the basis stated in the Clause Construction Award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court.

In construing the applicable arbitration clause, the arbitrator shall not consider the existence of these Supplementary Rules, or any other AAA rules, to be a factor either in favor of or against permitting the arbitration to proceed on a class basis.

## 4. Class Certification

(a) Prerequisites to a Class Arbitration

If the arbitrator is satisfied that the arbitration clause permits the arbitration to proceed as a class arbitration, as provided in Rule 3, or where a court has ordered that an arbitrator determine whether a class arbitration may be maintained, the arbitrator shall determine whether the arbitration should proceed as a class arbitration. For that purpose, the arbitrator shall consider the criteria enumerated in this Rule 4 and any law or agreement of the parties the arbitrator determines applies to the arbitration. In doing so, the arbitrator shall determine whether one or more members of a class may act in the arbitration as representative parties on behalf of all members of the class described. The arbitrator shall permit a representative to do so only if each of the following conditions is met:

(1) the class is so numerous that joinder of separate arbitrations on behalf of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately protect the interests of the class;

(5) counsel selected to represent the class will fairly and adequately protect the interests of the class; and

(6) each class member has entered into an agreement containing an arbitration clause which is substantially similar to that signed by the class representative(s) and each of the other class

members.

(b) Class Arbitrations Maintainable

>An arbitration may be maintained as a class arbitration if the prerequisites of subdivision (a) are satisfied, and in addition, the arbitrator finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class arbitration is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

(1) the interest of members of the class in individually controlling the prosecution or defense of separate arbitrations;

(2) the extent and nature of any other proceedings concerning the controversy already commenced by or against members of the class;

(3) the desirability or undesirability of concentrating the determination of the claims in a single arbitral forum; and

(4) the difficulties likely to be encountered in the management of a class arbitration.

## 5. Class Determination Award

(a) The arbitrator's determination concerning whether an arbitration should proceed as a class arbitration shall be set forth in a reasoned, partial final award (the "Class Determination Award"), which shall address each of the matters set forth in Rule 4.

(b) A Class Determination Award certifying a class arbitration shall define the class, identify the class representative(s) and counsel, and shall set forth the class claims, issues, or defenses. A copy of the proposed Notice of Class Determination (see Rule 6), specifying the intended mode of delivery of the Notice to the class members, shall be attached to the award.

(c) The Class Determination Award shall state when and how members of the class may be excluded from the class arbitration. If an arbitrator concludes that some exceptional circumstance, such as the need to resolve claims seeking injunctive relief or claims to a limited fund, makes it inappropriate to allow class members to request exclusion, the Class Determination Award shall explain the reasons for that conclusion.

(d) The arbitrator shall stay all proceedings following the issuance of the Class Determination Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Class Determination Award. Once all parties inform the arbitrator in writing during the period of the stay that they do not intend to seek judicial review of the Class Determination Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the arbitration on the basis stated in the Class Determination Award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court.

(e) A Class Determination Award may be altered or amended by the arbitrator before a final award is rendered.

## 6. Notice of Class Determination

(a) In any arbitration administered under these Supplementary Rules, the arbitrator shall, after expiration of the stay following the Class Determination Award, direct that class members be provided the best notice practicable under the circumstances (the "Notice of Class Determination"). The Notice of Class Determination shall be given to all members who can be identified through reasonable effort.

(b) The Notice of Class Determination must concisely and clearly state in plain, easily understood language:

(1) the nature of the action;

(2) the definition of the class certified;

(3) the class claims, issues, or defenses;

(4) that a class member may enter an appearance through counsel if the member so desires, and that any class member may attend the hearings;

(5) that the arbitrator will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded;

(6) the binding effect of a class judgment on class members;

(7) the identity and biographical information about the arbitrator, the class representative(s) and class counsel that have been approved by the arbitrator to represent the class; and

(8) how and to whom a class member may communicate about the class arbitration, including information about the AAA Class Arbitration Docket (see Rule 9).

## 7. Final Award

The final award on the merits in a class arbitration, whether or not favorable to the class, shall be reasoned and shall define the class with specificity. The final award shall also specify or describe those to whom the notice provided in Rule 6 was directed, those the arbitrator finds to be members of the class, and those who have elected to opt out of the class.

## 8. Settlement, Voluntary Dismissal, or Compromise

(a) (1) Any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of an arbitration filed as a class arbitration shall not be effective unless approved by the arbitrator.

(2) The arbitrator must direct that notice be provided in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.

(3) The arbitrator may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.

(b) The parties seeking approval of a settlement, voluntary dismissal, or compromise under this Rule must submit to the arbitrator any agreement made in connection with the proposed settlement, voluntary dismissal, or compromise.

(c) The arbitrator may refuse to approve a settlement unless it affords a new opportunity to request

exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(d) Any class member may object to a proposed settlement, voluntary dismissal, or compromise that requires approval under this Rule. Such an objection may be withdrawn only with the approval of the arbitrator.

## 9. Confidentiality; Class Arbitration Docket

(a) The presumption of privacy and confidentiality in arbitration proceedings shall not apply in class arbitrations. All class arbitration hearings and filings may be made public, subject to the authority of the arbitrator to provide otherwise in special circumstances. However, in no event shall class members, or their individual counsel, if any, be excluded from the arbitration hearings.

(b) The AAA shall maintain on its Web site a Class Arbitration Docket of arbitrations filed as class arbitrations. The Class Arbitration Docket will provide certain information about the arbitration to the extent known to the AAA, including:

> (1) a copy of the demand for arbitration;
>
> (2) the identities of the parties;
>
> (3) the names and contact information of counsel for each party;
>
> (4) a list of awards made in the arbitration by the arbitrator; and
>
> (5) the date, time and place of any scheduled hearings.

## 10. Form and Publication of Awards

(a) Any award rendered under these Supplementary Rules shall be in writing, shall be signed by the arbitrator or a majority of the arbitrators, and shall provide reasons for the award.

(b) All awards rendered under these Supplementary Rules shall be publicly available, on a cost basis.

## 11. Administrative Fees and Suspension for Nonpayment

(a) A preliminary filing fee of $3,350 is payable in full by a party making a demand for treatment of a claim, counterclaim, or additional claim as a class arbitration. The preliminary filing fee shall cover all AAA administrative fees through the rendering of the Clause Construction Award. If the arbitrator determines that the arbitration shall proceed beyond the Clause Construction Award, a supplemental filing fee shall be paid by the requesting party. The supplemental filing fee shall be calculated based on the amount claimed in the class arbitration and in accordance with the fee schedule contained in the AAA's Commercial Arbitration Rules.

(b) Disputes regarding the parties' obligation to pay administrative fees or arbitrator's compensation pursuant to applicable law or the parties' agreement may be determined by the arbitrator. Upon the joint application of the parties, however, an arbitrator other than the arbitrator appointed to decide the merits of the arbitration, shall be appointed by the AAA to render a partial final award solely related to any disputes regarding the parties' obligations to pay administrative fees or arbitrator's compensation.

(c) If an invoice for arbitrator compensation or administrative charges has not been paid in full, the AAA

may so inform the parties in order that one of them may advance the required deposit. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

(d) If an arbitration conducted pursuant to these Supplementary Rules is suspended for nonpayment, a notice that the case has been suspended shall be published on the AAA's Class Arbitration Docket.

## 12. Applications to Court and Exclusion of Liability

(a) No judicial proceeding initiated by a party relating to a class arbitration shall be deemed a waiver of the party's right to arbitrate.

(b) Neither the AAA nor any arbitrator in a class arbitration or potential class arbitration under these Supplementary Rules is a necessary or proper party in or to judicial proceedings relating to the arbitration. It is the policy of the AAA to comply with any order of a court directed to the parties to an arbitration or with respect to the conduct of an arbitration, whether or not the AAA is named as a party to the judicial proceeding in which the order is issued.

(c) Parties to a class arbitration under these Supplementary Rules shall be deemed to have consented that judgment upon each of the awards rendered in the arbitration may be entered in any federal or state court having jurisdiction thereof.

(d) Parties to an arbitration under these Supplementary Rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action seeking damages or injunctive relief for any act or omission in connection with any arbitration under these Supplementary Rules.

© 2011 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.