# Exhibit F

# AMERICAN ARBITRATION ASSOCIATION
## Class Action Arbitration Tribunal

In the Matter of the Arbitration between

Re: 33 160 00281 12
    Curtis Hanna and Marion A. Edinger, on behalf of
    themselves and all others similarly situated    (Claimants)
    and
    Pizza Hut, Inc. and Pizza Hut of America, Inc.    (Respondents)

## PARTIAL FINAL CLAUSE CONSTRUCTION AWARD

### I

### Preliminary Statement

This award determines in accordance with the American Arbitration Association's ("AAA") Supplementary Rules for Class Arbitration ("Supplementary Rules"), R-3 whether the parties' arbitration agreement permits this arbitration to proceed on behalf of a class. The matter has been fully briefed and argued. Claimants have been represented by Jeremiah Frei-Pearson, D. Greg Blankenship and Todd S. Garber with Meiselman, Denlea, Packman, Carton & Eberz P.C. and by C. Ryan Morgan with Morgan & Morgan, P.A. Respondents have been represented by Geoffrey D. DeBoskey, Sarah M. Konsky and Jason J. Englund with Sidley Austin LLP and by Lori Baggett and Penelope Dixon with Carlton Fields P.A. The hard work and skilled advocacy by counsel for both sides has been appreciated.

Claimants' Arbitration Demand (styled "Plaintiffs' Arbitration Submission") asserts class claims for violation of the Florida Minimum Wage Act ("FMWA") and for unjust enrichment, alleging that Respondents have paid its delivery drivers wages below those required by the FMWA by paying wages at or close to minimum wage and then under-reimbursing the drivers for vehicular wear and tear, gas and other driving-related expenses. Respondents, in their Answer, General Denial, and Affirmative Defenses to Claimants' Arbitration Submission assert, *inter alia*, that this case may not be brought as a putative class-wide arbitration.

In the Matter of the Arbitration between

| | |
|---|---|
| Re: 33 160 00281 12 | |
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated | (Claimants) |
| and | |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

Claimants originally filed their claims in the U.S. District Court, Middle District of Florida, Tampa Division, but while a motion to compel arbitration was pending submitted the matter to arbitration. The District Court, in an October 30, 2012 order denying Respondents' request that the court direct "individual arbitration", ruled that "an arbitrator must decide whether the arbitration agreement permits class arbitration."

The parties' arbitration agreement provides as follows:

> Because of the delay and expense of the court systems, Pizza Hut and I agree to use confidential binding arbitration for any claims that arise between me and Pizza Hut, its related companies, and/or their current or former employees. Such claims would include any concerning compensation, employment (including but not limited to any claims concerning sexual harassment), or termination of employment. Before arbitration, I agree: (i) first, to present any such claims in full written detail to Pizza Hut; (ii) next, to complete any Pizza Hut internal review process; and (iii) finally, to complete any external administrative remedy (such as with the Equal Employment Opportunity Commission). In any arbitration, the then prevailing rules of the American Arbitration Association (and, to the extent not inconsistent, the then prevailing rules of the Federal Arbitration Act) will apply.

## II

### The Parties' Contentions Regarding Clause Construction

Claimants first contend that the arbitration agreement facially allows class arbitration because it "explicitly provides for [arbitration of] Claims involving 'employees' in the plural." Second, they argue that the right to bring claims on behalf of a class under the FMWA is explicitly guaranteed by the Florida Constitution, art. X, § 24(e), (hereinafter "§ 24(e)"), a right

2

In the Matter of the Arbitration between

| | |
|---|---|
| Re: 33 160 00281 12 | |
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated | (Claimants) |
| and | |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

they contend cannot be waived under applicable law absent a knowing, intelligent, and voluntary waiver. Next Claimants contend the parties mutually intended to allow for class arbitration when they signed the arbitration agreement, based on certain statements made to Claimant Hanna by his manager, Tiffany, shortly after he signed the arbitration agreement, regarding the rights he was waiving by agreeing to arbitration; and, more recently, her statements, after learning about Pizza Hut's asserted position in this case, that she believed the arbitration agreement would allow drivers to bring class proceedings. Claimants also contend that the parties' intent is confirmed by the fact that at the time the Claimants' employment agreements were signed contractual prohibitions on class arbitrations were unlawful in Florida, noting that Respondents had participated in another similar wage and hour arbitration (Gnezdilov v. Pizza Hut) in which they did not object to class treatment for two years and did not object to class treatment until after the U.S. Supreme Court decided *Stolt Nielsen S.A. v. Animal Feeds Int'l Corp.*, 130 S. Ct. 1758, 1775 (2010), and in which the arbitrator determined that the same provision allowed for class arbitration. Fourth, Claimants rely on the rule of construction under which ambiguous provisions are to be interpreted against the drafter and also argue that construing the agreement as waiving the employees' right to proceed with a class action would violate the implied covenant of good faith and fair dealing as it would deprive them of their right to arbitrate on behalf of a class. With respect to the latter point, Claimants note the National Labor Relations Board's decision in *In Re D.R. Horton, Inc.*, 357 NLRB No. 184 (Jan. 3, 2012) (an arbitration agreement cannot prevent plaintiffs from seeking non-individual relief under the FLSA, which provides a right to pursue collective action).

In the Matter of the Arbitration between

Re: 33 160 00281 12
Curtis Hanna and Marion A. Edinger, on behalf of
themselves and all others similarly situated                    (Claimants)
and
Pizza Hut, Inc. and Pizza Hut of America, Inc.                  (Respondents)

Respondents, on the other hand, rely on the U.S. Supreme Court decisions in *Stolt Nielsen, supra*, and *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), in support of the proposition that the mere fact an arbitration provision is silent on the subject of class claims, or, does not include an express class action waiver, is insufficient to support a finding that the parties intended to permit class arbitration (particularly in light of the Court's stated view in *Concepcion* that "requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA."). Rather, they argue, the analysis should be whether the parties had contractually agreed to class arbitration, and since none of the language in the parties' arbitration agreement can reasonably be construed as indicating an intent to permit class arbitration, Claimants must pursue their claims on an individual basis. Furthermore, they note, the language of the agreement clearly indicates that only matters between an individual employee and the employer can be arbitrated: "Because of the delay and expense of the court systems, **Pizza Hut and I** agree to use confidential binding arbitration for any claims that arise between **me** and **Pizza Hut, its related companies, and/or their current or former employees.**" [Emphasis added in Respondents' brief] The only reasonable interpretation of the reference to "employees" in the plural, they say, is that it is intended to include within the scope of the arbitration clause claims that an employee may have against other current or former Pizza Hut employees (including managers). Moreover, their argument goes, Claimants' proffered interpretation violates the basic principle of contract interpretation that words in a contract are "known by the company they keep" -- otherwise known as *noscitur a sociis* (i.e. the term "employees" takes on the same status as "Pizza Hut" and "its related companies"). Finally, Respondents reject Claimants' invocation of the rule that

4

In the Matter of the Arbitration between

Re: 33 160 00281 12
    Curtis Hanna and Marion A. Edinger, on behalf of
    themselves and all others similarly situated     (Claimants)
    and
    Pizza Hut, Inc. and Pizza Hut of America, Inc.     (Respondents)

---

ambiguities are to be resolved against the drafter since the language in question is not ambiguous.

    With respect to Claimants' argument based on statements by the Pizza Hut manager at the time of signing the arbitration clause, Respondents have several counter-arguments. First, they object to the introduction of parol evidence because the parties' contractual intent must be derived from the language of their written agreement; they also argue that any statements by Tiffany are inadmissible hearsay, and do not qualify as an admission because no showing has been made as to Tiffany's personal knowledge or authority to make such a statement. They further argue that Tiffany's post-hoc contractual interpretations are irrelevant not only as a matter of law, but also because the issue is not whether the agreement precludes class arbitration but whether the parties intended to consent to class arbitration. Respondents also note that Claimants' argument based on the fact that Respondents did not oppose class arbitration in another arbitration case is not supported by any cited legal authorities. With respect to Claimants' argument that the Florida Constitution guarantees the right to bring class actions under the FMWA, Respondents contend that 1) by using the permissive word "may" §24(e) makes clear that it is not creating a constitutional right to seek class-wide relief for minimum wage violations; and 2) even if it did create such a right, the FAA would preempt the Florida Constitution under *Concepcion*. Respondents dismiss Claimants' argument based on the implied covenant of good faith and fair dealing by noting that under *Stolt-Nielsen* policy considerations regarding the fairness of contracts of adhesion are not an appropriate basis for construing arbitration agreements as authorizing class arbitration absent supporting language in the agreement itself. Respondents also dismiss Claimants' citation of the NLRB ruling in *D.R.*

5

In the Matter of the Arbitration between

| | |
|---|---|
| Re: 33 160 00281 12 | |
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated and | (Claimants) |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

*Horton* because several federal courts have since rejected that decision in light of FAA pre-emption under *Concepcion*.

Claimants, in a reply memorandum, have made the following additional arguments: 1) the state constitutional right to bring FMWA class claims as a class action can only be waived if the waiver is knowing, intelligent and voluntary; there is no conflict between the FAA (whose purpose is to ensure parties to an arbitration agreement understand the nature of their agreement) and this state constitutional requirement; 2) *Stolt-Nielsen* did not displace common law contract interpretation rules such as the well-settled principle of interpreting ambiguous contracts against the drafter, citing *S. Communications Services, Inc. v. Thomas*, 829 F. Supp.2d 1324, 1337 (N.D. Ga. 2011); and *Fantastic Sams Franchise Corp. v. FSRO Ass'n Ltd.*, 683 F.3d 18, 22 (1st Cir. 2012); since the language at issue here is capable of more than one reasonable interpretation, i.e. is ambiguous, that rule of construction applies here; 3) since there is no evidence that other Pizza Hut employees, such as managers, had to sign the arbitration agreement, and since an arbitration agreement cannot bind a non-signatory party (absent certain exceptions not applicable here) Respondents' argument that their proffered interpretation was intended to allow such claims to be arbitrated between employees and managers is without foundation; 4) the term "between", relied on by Respondents in support of their interpretation has been defined in Black's Law Dictionary and elsewhere as synonymous with "among"; 5) the only evidence before this tribunal regarding contractual intent, i.e. Tiffany's statements to Claimant Hanna, indicates that both parties intended to allow for class arbitration; 6) since Tiffany is employed by CFL Pizza Hut, a party adverse to Claimants in another action, ethical rules prevent counsel from directly contacting Tiffany to obtain her testimony by affidavit; should the Tribunal wish to explore

6

In the Matter of the Arbitration between

Re: 33 160 00281 12
   Curtis Hanna and Marion A. Edinger, on behalf of
   themselves and all others similarly situated         (Claimants)
   and
   Pizza Hut, Inc. and Pizza Hut of America, Inc.         (Respondents)

---

Tiffany's testimony, Tiffany has said she would be willing to testify; 7) Tiffany was trained by Pizza Hut as to the meaning of the arbitration agreement and was charged with explaining it to hundreds of putative class members; 8) courts have held that §24(e)'s use of the word "may" creates constitutional rights for Florida workers relating to the manner in which their substantive minimum wage rights are enforced; by logical extension this also applies to class actions, notwithstanding the use of the word "may"; 9) the Florida Constitution can create non-waivable rights that surpass those created by federal law, such as the creation under §24(e) of the right to bring a civil action to remedy violation of FMWA; 10) there is no conflict between the FAA and the Florida Constitution because Claimants have submitted their dispute to arbitration and thereby seek to enforce the FAA by enforcing the arbitration agreement; and 11) Florida's Constitutional requirement that waivers must be knowing and voluntary reinforces the FAA's principal purpose, citing language from the Eleventh Circuit decision in *In re Checking Account Overdraft Litigation*, MDL No. 2036, 685 F.3d 1269, 1277 (11th Cir. 2012) as follows: " Unlike the state law in *Concepcion* that was 'applied in a fashion that disfavors arbitration' due to its provisions requiring class-wide as opposed to individual arbitration proceedings, South Carolina's doctrine of unconscionability applies to arbitration and to other agreements according to the same basic criteria, and those criteria do not disproportionately impact arbitration agreements." 12) Unlike the *Discover Bank* rule held to be pre-empted by the FAA in *Concepcion*, the Florida Constitution's requirement that waivers of FMWA claims must be knowing and voluntary reinforces the FAA's purpose of allowing parties to freely contract to arbitrate.

7

In the Matter of the Arbitration between

| | |
|---|---|
| Re: 33 160 00281 12 | |
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated | (Claimants) |
| and | |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

Following a preliminary hearing teleconference on March 20, 2013, the parties submitted supplemental briefs addressing the following issues that came up in the hearing: 1) whether the Florida Constitution provides a right to class-wide arbitration in this case; 2) if so, whether the FAA, *Stolt Nielsen* and *Concepcion* preclude class-wide arbitration nonetheless; and 3) whether federal decisions addressing collective arbitration under the Fair Labor Standards Act ("FLSA") are applicable in this case by analogy.

Respondents, in their supplemental brief, dispute Claimants' contention that the Florida Constitution provides an absolute right to class-wide arbitration, contending that the use of the word "may" in §24 (e) is permissive and is insufficient to create any substantive right, citing several Florida and federal court decisions in support of that rule of construction. With respect to Claimants' argument that constitutional rights can only be waived if the waiver is knowing, intelligent and voluntary, Respondents counter that to whatever extent Florida law requires that class-wide arbitration must be available for FMWA claims absent an explicit waiver that rises above ordinary contract principles, such a heightened standard is preempted by the FAA. Respondents also contend that the proper inquiry is not whether Claimants have knowingly waived the right to class arbitration, but rather whether the parties contractually agreed to arbitration. To the extent Claimants attempt to shoe horn their waiver argument into the savings clause under the FAA (permitting "agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability'"), Respondents point out that inadequate waiver is not a contract defense. With respect to whether FLSA cases are applicable by analogy, Respondents contend that they are, noting that although the FLSA provides that "[a]n action to recover the liability prescribed [in the FLSA] . . . may be maintained

8

In the Matter of the Arbitration between

Re: 33 160 00281 12
   Curtis Hanna and Marion A. Edinger, on behalf of
   themselves and all others similarly situated      (Claimants)
   and
   Pizza Hut, Inc. and Pizza Hut of America, Inc.      (Respondents)

---

against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated," it is well settled in the case law that this right is subject to alternative, contractual arrangements made through an arbitration agreement, and that requiring individual claims in arbitration does not deprive Claimants of a statutory right.

Claimants, in response, continue to assert that the Florida Constitution creates a constitutional right to bring FMWA claims on behalf of a class; that Florida's requirement that waivers of constitutional rights (including the right to bring FMWA claims on behalf of a class) must be knowing and voluntary is no different from what the Supreme Court said in *Concepcion* states can do without running afoul of FAA pre-emption: ("States remain free to take steps addressing the concerns that attend contracts of adhesion – for example, requiring class-action-waiver provisions in adhesive arbitration agreements to be highlighted." 131 S. Ct. at 1750, n. 6 (2011)). Claimants further argue that Florida courts have held that the language in §24(e), i.e. "Persons aggrieved by a violation of this amendment <u>may</u> bring a civil action in a court of competent jurisdiction . . ." [Emphasis added in Claimants' brief], creates a constitutional right to bring such claims; therefore, the statement in §24(e) that "Such actions <u>may</u> be brought as a class action pursuant to Rule 1.220 of the Florida Rules of Civil Procedure." [Emphasis added in Claimants' brief] likewise creates a Constitutional right, notwithstanding the use of the word "may". Claimants also cite other provisions in the Florida Constitution where clear rights are couched in permissive terms by use of the word "may", and also argue, as a matter of constitutional construction, that to construe the reference in §24(e) to the use of class actions to enforce the FMWA as not conferring a constitutional right to bring such actions would render

9

In the Matter of the Arbitration between

| | |
|---|---|
| Re: 33 160 00281 12 | |
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated | (Claimants) |
| and | |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

that language superfluous. They further argue that it is black letter law that the law of the land is deemed to be incorporated in all contracts, citing *Gordon v. State*, 608 So.2d 800, 802 Fla. 1992 ("Valid laws in effect at the time a contract is made enter into and become part of the contract as if expressly incorporated into the contract."); therefore, the argument goes, the arbitration agreement, by encompassing "any claims", necessarily incorporates the FMWA and all of its Constitutionally protected rights of enforcement, including class actions. Claimants also argue that California and New Jersey courts have held post *Concepcion* that class action waivers must be explicit, and that Florida's constitutional provisions regarding its FMWA are distinguishable from the *Discover Bank* rule found to be pre-empted by the FAA in *Concepcion*. Since the subject arbitration provision does not contain an explicit class action waiver, they argue, there is no conflict between Florida's Constitution and the FAA; nor does the arbitration agreement conflict with the federal policy underlying the FAA because Claimants do not seek to void the arbitration agreement; nor does it impose a higher standard than would ordinarily apply because by applying contract principles it provides for arbitration on behalf of a class. With respect to cases cited by Respondents regarding the FLSA's collective action provision, Claimants essentially argue that the Florida Constitution sits on a higher plane than the FLSA, and, that the collective action procedure under the FLSA is distinguishable from the more traditional Rule 23 character of the class action right provided for by §24(e).

Respondents in their reply counter that Claimants have cited no case supporting their argument that §24(e) creates a constitutional right to class arbitration, or for that matter, to class action to enforce the FMWA. If this tribunal were to find such a constitutional right, they say, it would be authorizing class arbitration based on policy reasons rather than contract interpretation,

10

In the Matter of the Arbitration between

| | |
|---|---|
| Re: 33 160 00281 12<br>Curtis Hanna and Marion A. Edinger, on behalf of<br>themselves and all others similarly situated<br>and | (Claimants) |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

something that *Stolt-Nielsen* condemns. Even if §24 (e) provided such a right, it would be preempted by the FAA because that provision is in no sense a generally applicable rule of state contract law.

## III

### Analysis and Decision

A. The Language of the Arbitration Agreement:

As noted in *Oxford Health Plans LLC v. Sutter*, No. 12-135, 2013 WL 2459522 (U.S. June 10, 2013), this tribunal sees its charge as "constru[ing] the arbitration clause in the ordinary way to glean the parties' intent". The starting point in any contract interpretation exercise is the plain and ordinary meaning of the language used by the parties in their written agreement. Respondents have advanced what is by far the more plausible interpretation of the language used by the parties--. that the arbitration agreement entered into by each Claimant and Pizza Hut was intended to cover a) claims between the individual employee and Pizza Hut; b) claims between the individual employee and any of Pizza Hut's related companies; and c) claims between the individual employee and any current or former employees of Pizza Hut or of its related companies. Claimants argue that because the provision in question refers to "employees" in the plural the parties must have intended to authorize arbitration of claims brought by an individual employee on behalf of Pizza Hut employees against Pizza Hut. But to reach that conclusion, Claimants must rely on a very strained reading that renders certain words in the provision meaningless. In essence, Claimants' position is that the arbitration agreement provides as follows:

11

In the Matter of the Arbitration between

Re: 33 160 00281 12
    Curtis Hanna and Marion A. Edinger, on behalf of
    themselves and all others similarly situated          (Claimants)
    and
    Pizza Hut, Inc. and Pizza Hut of America, Inc.          (Respondents)

---

> I agree to use confidential binding arbitration for any claims that arise between . . . Pizza Hut, its related companies, and . . . their current or former employees.

But to support that interpretation, one has to disregard "me and" and "/or", rendering those words meaningless. Given that, there is little force left in Claimants' arguments a) that "employees" is rendered meaningless under Respondents' interpretation because there is no evidence that other Pizza Hut employees, such as managers, had to sign the arbitration agreement (so that they would be bound to arbitrate claims brought against them by another employee), and b) that an arbitration agreement cannot bind a non-signatory party (absent certain exceptions not applicable here).[1] Also, Respondents' interpretation is soundly supported by the maxim *noscitur a sociis* (words in a contract are "known by the company they keep") -- requiring that the term "employees" be read in the same context as "Pizza Hut" and "its related companies".

Claimants argue, without any real analysis, that the arbitration agreement is ambiguous. But given the implausibility of the strained interpretation proffered by Claimants, there is no basis for finding two reasonable competing interpretations that cause the arbitration provision to be ambiguous. Nor is Claimants' argument persuasive that the word "between" should be read here as synonymous with the word "among". Applying common usage of these two words in the context of this provision, which deals with claims brought by a party against another, clearly favors "between", meaning a one to one relationship between a claimant and a

---

[1] It is reasonable to assume that other Pizza Hut employees (e.g. delivery drivers or other employees) would have signed standard arbitration agreements just as the Claimants did. And so the reference to "employees" is not rendered meaningless by Respondents' proffered interpretation, because there could well be claims brought by a Pizza Hut employee against another Pizza Hut employee (for example as the result of a workplace assault or battery).

12

In the Matter of the Arbitration between

Re: 33 160 00281 12
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated and | (Claimants) |
|---|---|
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

respondent, rather than "among", whereby the emphasis is on a distributive relationship among several parties (which in the present context would mean arbitration of claims brought by all of the listed parties against each other). Substituting "among" for "between", would thus mean that claims by Pizza Hut against one of its affiliated entities and vice-versa, or claims by one of Pizza Hut's affiliated companies against another affiliated company, would also have to be arbitrated -- clearly not something that was intended here.

B. Claimants' Additional Arguments:

Claimants have argued that §24(e) guarantees an unwaivable procedural right to class action that cannot be waived by parties entering an arbitration agreement absent a knowing, intelligent and voluntary waiver. First, although §24(e) has been held in case law cited by Claimants to create a self-executing substantive constitutional right for Florida employees to pursue claims for an employer's failure to pay minimum wage, no case law is cited holding that §24(e) also creates a constitutional procedural right to pursue such claims via the device of a class action. Even if there were such a constitutional procedural right to class action under Florida law that could not be waived by parties entering an arbitration agreement absent a knowing, intelligent and voluntary waiver, under *Concepcion* such a right must yield to the policy underlying the FAA.

As stated in *Concepcion*, "[t]he 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms [citations omitted]'", 131 S. Ct. at 1748. Here, as determined above, the parties' agreement cannot reasonably be construed to authorize class arbitration. To hold that §24(e) nevertheless requires class arbitration in this case absent a knowing, intelligent and voluntary waiver notwithstanding that the parties' arbitration

13

In the Matter of the Arbitration between

Re: 33 160 00281 12
Curtis Hanna and Marion A. Edinger, on behalf of
themselves and all others similarly situated         (Claimants)
and
Pizza Hut, Inc. and Pizza Hut of America, Inc.       (Respondents)

agreement does not so provide collides with the principal policy underlying the FAA to enforce private arbitration agreements according to their terms (terms that based on the contract language used here do not require class arbitration absent a knowing, intelligent and voluntary waiver). And so Florida's requirements under §24(e), as asserted by Claimants, are subordinate to and must yield to the FAA under the Supremacy Clause. Claimants' other arguments that §24(e) is not incompatible with the FAA, or that not allowing class arbitration here would violate the implied covenant of good faith and fair dealing, rest on the assumption that the parties contractually agreed to class arbitration, which as this tribunal has found, is an assumption that is not supported by the language of the agreement.

Claimants attempt to fashion an argument that under Florida law waivers of constitutional rights must be knowing, intelligent and voluntary, and that this rule is equivalent to the kinds of state law defenses to a breach of contract claim that are not pre-empted by the FAA. Apart from the determinations above that the Florida Constitution does not create a constitutional procedural right to pursue minimum wage claims via class action, this argument also fails because the assertion that a waiver of rights contained in a contract is ineffective does not seem at all equivalent to or in the same category as traditional state law defenses to breach of contract claims such as fraud, duress or unconscionability that go the validity of the entire agreement and have been expressly carved out of the FAA.

Claimants have submitted the hearsay declaration of Claimant Hanna stating what Tiffany said to him <u>after</u> he had signed the arbitration agreement. Although Respondents are correct that based on the present record Tiffany's statements would be inadmissible hearsay, they are considered here as offers of proof as to what Tiffany would testify to if called as a witness.

14

In the Matter of the Arbitration between

| Re: 33 160 00281 12 | |
|---|---|
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated | (Claimants) |
| and | |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

The sum and substance of Tiffany's presumed testimony taken from the affidavits submitted by Claimants would be as follows: Shortly after Claimant Hanna signed the arbitration agreement Tiffany explained that Hanna was not waiving any rights other than his right to a court or jury trial (this being to his benefit because arbitration is cheaper than litigation). After learning in this proceeding that Respondents contended the arbitration agreement precluded class arbitration, Hanna spoke with Tiffany again and Tiffany repeated her understanding that the only rights waived by the arbitration agreement were the right to a court or jury trial, and, that when she was instructed as to how to explain the meaning of the arbitration agreement, none of her superiors ever told her to say that it banned class actions. She also said that if anyone asked her about "that issue" she would say and always would have said that the agreement did allow for class actions. Claimant Edinger's affidavit, also submitted by Claimants in support of class arbitration, merely states that she is certain Tiffany never told her that she was waiving her right to pursue class relief.

Assuming Tiffany would testify as indicated above, her testimony is not relevant as a matter of contract law to a determination as to the mutual intent of the parties to the arbitration agreement. Had the statements attributed to Tiffany by Claimant Hanna been made concurrently with Claimant Hanna's execution of the arbitration agreement, they could arguably be relevant to resolve an ambiguity or to clarify the intent of the parties. But the agreement, as determined above, is not ambiguous; nor is it unclear. Moreover, a post-contractual statement by a party is not an objective manifestation of the mutual intent of the parties at the time they entered the agreement. Also, Tiffany's statements deal with whether there was a waiver of a right to bring a class action by entering the arbitration agreement. But that is different from the issue at hand,

15

In the Matter of the Arbitration between

| | |
|---|---|
| Re: 33 160 00281 12 | |
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated | (Claimants) |
| and | |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

which is whether the parties' agreement was intended to permit or authorize class arbitration. Tiffany's other statements as to what she might have said had she been asked are speculative and are not probative of any mutual contractual intent. A party's silent, uncommunicated understanding is not probative of the mutual intent of the parties. Nor is what Tiffany didn't say to Claimant Edinger probative of any contractual intent.

Claimants' arguments based on the decision of another arbitrator in *Gnezdilov v. Pizza Hut* are also unpersuasive. First, the decision in that case is distinguishable in that it was based on the grounds that both parties had presented the case as if their stipulation in court had already resolved the issue of clause construction in favor of class arbitration, and, because the parties had agreed to "the laws of California" and that "the case does not concern the FAA".[2] Second, there was no stated analysis by the arbitrator of the language of the arbitration agreement in order to discern the parties' intent. Finally, arbitration awards are not recognized as binding legal precedent. Also, Claimants' argument that Pizza Hut had for a period of time not disputed the appropriateness of class arbitration during the course of that arbitration does not tip the balance in favor of Claimants' strained interpretation of the parties' agreement.

Claimants' argument that because §24(e) is "the law of the land" it must be deemed incorporated into the parties' agreement also fails. If that were correct, then by the same logic every arbitration agreement would *per se* allow for class arbitration by virtue of FRCP Rule 23 and/or equivalent state class action statutes – an unlikely proposition that would render *Stolt-Nielsen* and its progeny universally moot.

---

[2] The arbitration agreement the parties in this case executed expressly incorporates the FAA.

16

Case 6:15-cv-03443-MDH   Document 3-6   Filed 10/15/15   Page 17 of 19

In the Matter of the Arbitration between

| | |
|---|---|
| Re: 33 160 00281 12 | |
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated | (Claimants) |
| and | |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

The parties have submitted supplemental briefs commenting on the recent decision in *Sutter, supra*, in which the U.S. Supreme Court, applying the "limited scope of review that §10(a)(4)" of the FAA allows, confirmed an arbitrator's award that construed an arbitration clause stating that "[n]o civil action concerning any dispute arising under this Agreement shall be instituted before any court, and all such disputes shall be submitted to final and binding arbitration.", as encompassing class actions and thereby permitting class arbitration. The Court, while strongly implying that the arbitrator's construction of the agreement may have been mistaken,[3] nevertheless deferred to the arbitrator's decision given that ostensibly he did carry out his charge to determine what the contract language meant. Claimants argue that *Sutter* confirms that this tribunal would be within its authority to rely on the various arguments presented by Claimants supporting class arbitration. However, notwithstanding such assurances and the obvious efficiencies and economies that would be achieved by allowing this case to proceed on behalf of a class, this tribunal is nevertheless not prepared to adopt an interpretation that it cannot justify by a good faith construction of the language used by the parties in their arbitration agreement.

## IV

### Award

For all of the foregoing reasons, the parties' arbitration agreement does not permit or authorize Claimants to pursue their claims on behalf of a class. Pursuant to the Supplementary

---

[3] "Nothing we say in this opinion should be taken to reflect any agreement with the arbitrator's contract interpretation, or any quarrel with Oxford's contrary reading." *Sutter*, 569 U.S.___,2013 WL 2459522, at *6.

17

In the Matter of the Arbitration between

| | |
|---|---|
| Re: 33 160 00281 12 | |
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated | (Claimants) |
| and | |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

Rules, this tribunal retains jurisdiction of this case, but stays any further proceedings for 30 days from the date of this partial final award, to give any party an opportunity to appeal the award. Each party should notify the AAA as soon as it has determined whether such an appeal will be filed.

July 23, 2013

*(signature)*
Yaroslav Sochynsky, Arbitrator