# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **CAPITAL PIZZA HUTS, INC.** and **KENNETH WAGNON,** | )<br>)<br>) |
| Petitioners, | )<br>) Case No. 6:15-cv-03443-MDH |
| v. | )<br>) |
| **MARK LINKOVICH,** | )<br>)<br>) |
| Respondent. | |

## ORDER

Before the Court are Petitioners' motions to stay arbitration proceedings (Doc. 11) and to expedite review of Petitioners' motion to stay arbitration proceedings (Doc. 12). The Court scheduled a telephone conference to discuss Petitioners' motions and, prior to the telephone conference, Respondent filed a written response opposing Petitioners' motion to stay the arbitration proceedings. During the telephone conference, the Court heard further argument on the parties' respective positions. Upon careful review and consideration, the Court hereby **GRANTS** Petitioners' motion for expedited review (Doc. 12) and **DENIES** Petitioners' motion to stay arbitration proceedings (Doc. 11).

## BACKGROUND

Petitioners filed this action in federal court seeking to vacate Arbitrator John Holstein's clause construction award and conditional collective action certification order. Within that order, Arbitrator Holstein found the parties' arbitration agreement permits Respondent's FLSA claim to proceed as a collective action in arbitration and that Respondent established by substantial and uncontroverted facts that his motion for conditional class action certification should be granted. Following entry of his order, Arbitrator Holstein stayed the arbitration proceedings for 30 days to

allow Petitioners to seek review from the district court. *See* AAA Supp. Rule 3 ("The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or vacate the Clause Construction Award."). Petitioners immediately petitioned the Court to vacate the Arbitrator's order on grounds that the Arbitrator: (1) exceeded his powers by nullifying the language of the parties' arbitration agreement in finding the arbitration agreement permits class arbitration, (2) manifestly disregarded legal principles and clear precedent in finding that the arbitration agreement permits class arbitration, (3) manifestly disregarded clear legal precedent in granting conditional collective action certification, and (4) exceeded his authority and violated Capital Pizza's due process right by certifying a class that can only be tried by formula.

After Petitioners filed their motion to vacate in this Court, Petitioners informed the AAA that it had sought judicial review of Arbitrator Holstein's order and requested from the AAA a further stay on arbitration proceedings until the district court had the opportunity to rule on Petitioners' motion to vacate. After hearing the parties' respective arguments, Arbitrator Holstein denied Petitioners' motion to stay and ordered Petitioners to immediately begin compiling a list of names, addresses, and dates of employment for all persons potentially involved in the collective action and to submit a proposed scheduling order to the Arbitrator by November 18, 2015. *See* AAA Supp. Rule 3 ("If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator *may* stay further proceedings, or some part of them, until the arbitration is informed of the ruling of the court." (emphasis added)).

Petitioners have now filed a motion in this Court seeking to stay the arbitration proceedings. Petitioners argue the Court has authority under the Federal Arbitration Act ("FAA") to stay an arbitration and, specifically, may do so where the parties have not agreed to arbitrate the claims at issue. Petitioners argue the parties here did not agree to arbitrate class claims. Petitioners further argue that the Court is empowered to determine substantive issues of

arbitrability, i.e. whether a particular dispute falls within the scope of an arbitration clause, and that the Court may intervene in situations where the arbitrator has departed from the requirements of the parties' agreement. Respondent opposes Petitioners' motion to stay, arguing that: (1) Petitioners are improperly seeking a "second bite of the apple" by asking the Court to stay arbitration after the arbitrator denied the same request; (2) the Court lacks authority to vacate non-final arbitration awards such as the denial of a stay; and (3) the Court lacks authority to stay private arbitration other than in connection with its authority to order parties to arbitrate or to save parties from arbitrating disputes without an agreement to arbitrate.

## DISCUSSION

Upon consideration of the parties' arguments in briefing and during the telephone conference, the Court declines to order a stay in the pending arbitration proceedings. The Court notes that it has serious questions about the Court's authority to grant a stay in the pending arbitration proceedings, even if the Court were to consider such action prudent. *See generally Wells Enterprises, Inc. v. Olympic Ice Cream*, 903 F. Supp. 2d 740, 750-51 (N.D. Iowa 2012) (noting the authority on whether a federal court has the power to stay or enjoin a pending arbitration proceeding is "far from clear").[1] However, the Court need not address that issue because the Court finds a stay of the arbitration proceedings would not be prudent in this case based on the arbitrator's finding that a stay is inappropriate, the early stage of the collective action proceedings pending before Arbitrator Holstein, the fact that Petitioners do not oppose

---

[1] Petitioners argue that "[p]ursuant to its authority to determine the 'substantive' issue of arbitrability, this Court should stay arbitration[.]" It is true that the question of arbitrability – i.e. whether an arbitration agreement creates a duty for the parties to arbitrate the particular grievance – is typically for the court to decide unless the parties "clearly and unmistakably" provide otherwise. *See AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). The Eighth Circuit has held, however, that where, as here, the arbitration provision incorporates AAA Rules (or other rules giving arbitrators the authority to determine their own jurisdiction) it constitutes "a clear and unmistakable expression of the parties' intent to reserve the question of arbitrability for the arbitrator and not the court." *Fallo v. High-Tech Inst.*, 559 F.3d 874, 878 (8th Cir. 2009). Thus, it does not appear that the Court would have authority to determine questions of arbitrability in this case.

Respondent filing an FLSA collective action in court,[2] and the merits of Petitioners' underlying motion to vacate currently pending before the Court.  In sum, the Court is not inclined to interfere with ongoing private arbitration absent a compelling reason to do so and, here, Petitioners have not presented one.  Accordingly, the Court declines to order a stay.

## CONCLUSION

In accordance with the above discussion, the Court hereby **GRANTS** Petitioners' motion for expedited review (Doc. 12) and **DENIES** Petitioners' motion to stay arbitration proceedings (Doc. 11).

**IT IS SO ORDERED:**
Date: November 18, 2015

                                                 */s/ Douglas Harpool*_____
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**

---

[2] When asked during the teleconference whether Respondent would be permitted to file an FLSA collective action in federal court, as opposed to in arbitration, under the parties' arbitration agreement, Petitioners' attorney responded "yes."  Thus, even if the Court were to vacate the Arbitrator's order, Respondent could pursue an FLSA collective action in federal court and the parties' efforts and costs expended in pursuing collective relief would not necessarily be wasted.