IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CAPITAL PIZZA HUTS, INC. and KENNETH WAGNON, | )<br>)<br>) |
| Petitioners, | )<br>) Case No. 6:15-cv-03443-MDH |
| v. | )<br>) |
| MARK LINKOVICH, | )<br>)<br>) |
| Respondent. | |

# ORDER

Before the Court is Petitioner Capital Pizza Hut Inc.'s Motion to Vacate the Arbitrator's Clause Construction Award and Order Granting Conditional Collective Action Certification (Doc. 2). Upon careful review and consideration, the Court **DENIES** Petitioner's motion.

## BACKGROUND

Mark Linkovich was employed as a Pizza Hut delivery driver from January of 2012 to August of 2014. Linkovich executed an employment contract with Capital Pizza Huts, Inc. ("Capital Pizza"), a Pizza Hut franchise, which contained the following provision:

> *Agreement to Arbitrate*. Because of the delay and expense of the court systems, Pizza Hut and I agree to use confidential and binding arbitration, instead of going to court, for any claims that arise between me and Pizza Hut, its related companies, and/or their current or former employees. Without limitation, such claims would include any concerning compensation, employment (including, but not limited to, any claims concerning sexual harassment or discrimination), or termination of employment. Before arbitration, I agree: (i) first to present any such claims in full written detail to Pizza Hut; (ii) next, to complete any Pizza Hut internal review process; and (iii) finally, to complete any external administrative remedy (such as with the Equal Employment Opportunity Commission or National Labor Relations Board).
>
> In any arbitration, the then prevailing employment dispute resolution rules of the American Arbitration Association will apply, except that Pizza Hut will pay the

> arbitrator's fees, and Pizza Hut will pay that portion of the arbitration filing fee in excess of the similar court filing fee had I gone to court.

Pet'r's Mot. Vacate, Ex. A.

In July of 2014, Linkovich filed suit against Capital Pizza in the United States District Court for the District of Colorado, alleging Capital Pizza failed to properly reimburse Linkovich for expenses incurred delivering pizzas such that his net pay fell below the federal minimum wage. Specifically, Linkovich alleges that Capital Pizza had a reimbursement policy that reimbursed its drivers on a flat, per-delivery basis, which failed to take into account the average distance driven per delivery; according to Linkovich, when one takes into account the average distance per delivery, Capital Pizza's reimbursement rate equates to a "per mile rate" far below the IRS business mileage reimbursement rate and, when one compounds that deficiency with the average number of miles driven per hour, the driver's hourly wage falls below $7.25 per hour. Linkovich filed his claim as a collective action under Section 216(b) of the FLSA. Capital Pizza filed a motion to compel individual arbitration and to stay court proceedings. In response, Linkovich voluntarily dismissed his case in federal court and, instead, filed a claim with the American Arbitration Association ("AAA"). His arbitration claim again asserted a collective action under the FLSA. The parties proceeded to arbitration and selected John C. Holstein to serve as the Arbitrator.

Linkovich then moved to conditionally certify a collective action in arbitration. Capital Pizza opposed Linkovich's motion, arguing that the parties' Arbitration Agreement does not authorize class arbitration; that conditional certification would undermine the arbitration process; that the claims involve individualized evidence that is inappropriate for collective treatment; that Linkovich failed to provide sufficient evidence to show he is similarly situated to other delivery drivers; and that proving class-wide liability and damages would require impermissible "trial by formula." After receiving briefs on the issue and hearing oral arguments, Arbitrator Holstein

entered a clause construction award and conditional collective action certification order finding the parties' Arbitration Agreement permits collective action arbitration and granting Linkovich's motion for conditional collective action certification.

With respect to the issue of class arbitration, Arbitrator Holstein discussed Supreme Court precedent and noted that "the arbitrator must look to standard rules for the construction of contracts to determine the intent and expectation of the parties, not make policy choices." In applying that rule, the Arbitrator determined that, although the parties' Arbitration Agreement "does not explicitly permit or prohibit collective arbitration," it nonetheless "intended to extend [to] all claims relating to compensation, whether statutory or otherwise, including the Claimant's right to maintain a collective action under 29 U.S.C. § 216(b)." Arbitration Holstein further found that Linkovich, "has shown by substantial unconverted facts" that conditional collective action certification is appropriate. With respect to the "trial by formula" issue raised by Capital Pizza, Arbitrator Holstein noted that "the cases on the subject have left the field unsettled." The Arbitrator discussed *Bouphakeo v. Tyson Foods*, Inc., 765 F.3d 791 (8th Cir. 2014) cert. granted, 135 S. Ct. 2806 (2015), in which the Eighth Circuit "approved the use of estimates and averages to establish the necessary commonality[.]" He noted that *Bouphakeo* is not yet final and ultimately found that the issue of trial by formula was not a reason to deny conditional collective action certification because conditional certification "requires nothing more than substantial allegations that the putative class members were together victims of a single decision, policy or plan." He stated "[i]t is premature to decide the thornier questions of 'second' stage certification."

Petitioners immediately filed a motion to vacate Arbitrator Holstein's clause construction award and conditional collective action certification order. Capital Pizza argues the Court should vacate the award and order because Arbitrator Holstein: (1) exceeded his powers by nullifying

3

Case 6:15-cv-03443-MDH   Document 20   Filed 11/24/15   Page 3 of 10

the language of the parties' arbitration agreement in finding the arbitration agreement permits class arbitration, (2) manifestly disregarded legal principles and clear precedent in finding that the arbitration agreement permits class arbitration, (3) manifestly disregarded clear legal precedent in granting conditional collective action certification, and (4) exceeded his authority and violated Capital Pizza's due process right by certifying a class that can only be tried by formula.

## STANDARD

"Congress enacted the FAA to replace judicial indisposition to arbitration with a 'national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'" *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). Under the Federal Arbitration Act ("FAA"), arbitration awards are entitled to "an extraordinary level of deference" and "[c]ourts have absolutely no authority to reconsider the merits of an arbitration award, even when the parties allege the award rests of factual errors or on a misinterpretation of the underlying contract." *See McGrann v. First Albany Corp.*, 424 F.3d 743, 748 (8th Cir. 2005) (citing *Schoch v. InfoUSA, Inc.*, 341 F.3d 785, 788 (8th Cir. 2003)). A reviewing court "will confirm the arbitrator's award even if [the court is] convinced that the arbitrator committed serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Id.* (quoting *Schoch*, 341 F.3d at 788).

An arbitrator's authority is not unlimited, however, and an arbitrator's decision is subject to limited judicial review. *Med. Shoppe Int'l, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 488 (8th Cir. 2010). "The FAA authorizes a district court to vacate an arbitration award in four limited circumstances, and in the absence of one of these grounds, the award must be

confirmed." *Id.* (citing *Hall St. Associates,* 552 U.S. at 582). The exclusive grounds to vacate an arbitrator's award under the FAA are:

> **(1)** where the award was procured by corruption, fraud, or undue means;
>
> **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;
>
> **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> **(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

## DISCUSSION

Capital Pizza argues Arbitrator Holstein's clause construction award and conditional collective action certification order should be vacated under 9 U.S.C. § 10(a)(4) for the following reasons:

*First*, Capital Pizza argues the order and award should be vacated "because Arbitrator Holstein exceeded his authority by nullifying the agreement between the parties." Capital Pizza argues Arbitrator Holstein "nullified" the agreement by interpreting the Arbitration Agreement in an improper manner.[1] The Court rejects this argument as basis for vacatur in light of the scope of § 10(a)(4) and the "heavy burden" that a party seeking relief under that provision bears.

Capital Pizza's argument is similar to the argument made by the petitioner in *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 186 L. Ed. 2d 113 (2013). In *Sutter*, the petitioner

---

[1] Specifically, the Arbitrator focused on the breadth of the language used in the parties' Arbitration Agreement (i.e. "any claims" that arise between "me [the employee] and Pizza Hut . . . without limitation") and the emphasis on compensation-related claims covered by the Arbitration Agreement (i.e. "include any [claim] concerning compensation"), highlighting that a sophisticated employer should know the provisions of the FLSA include an employee's right to assert a collective action claim for minimum wage violations. Capital Pizza, conversely, focuses on other language in the Arbitration Agreement – i.e. "Pizza Hut and I" and "claims that arise between me and Pizza Hut" and "confidential"– to come to a different conclusion.

5

argued that the arbitral panel exceeded its powers under § 10(a)(4) by imposing class arbitration without a sufficient contractual basis. *Id.* at 2069-70. The petitioner argued that the arbitrator lacked a sufficient contractual basis to find an agreement to arbitrate class claims because the agreement was silent on the issue of class arbitration and because the arbitrator "badly" misunderstood or misinterpreted the arbitration clause. *Id.* The Supreme Court held that vacatur was improper, stating:

> Here, the arbitrator did construe the contract (focusing, per usual, on its language), and did find an agreement to permit class arbitration. So to overturn his decision, we would have to rely on a finding that he misapprehended the parties' intent. But § 10(a)(4) bars that course: It permits courts to vacate an arbitral decision only when the arbitrator strayed from his delegated task of interpreting a contract, not when he performed that task poorly. . . .
>
> At bottom, Oxford maintains, this is a garden-variety arbitration clause, lacking any of the terms or features that would indicate an agreement to use class procedures. We reject this argument because, and only because, it is not properly addressed to a court. Nothing we say in this opinion should be taken to reflect any agreement with the arbitrator's contract interpretation, or any quarrel with Oxford's contrary reading. All we say is that convincing a court of an arbitrator's error—even his grave error—is not enough. So long as the arbitrator was "arguably construing" the contract—which this one was—a court may not correct his mistakes under § 10(a)(4). *Eastern Associated Coal*, 531 U.S., at 62, 121 S.Ct. 462 (internal quotation marks omitted). The potential for those mistakes is the price of agreeing to arbitration. As we have held before, we hold again: "It is the arbitrator's construction [of the contract] which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Enterprise Wheel*, 363 U.S. at 599, 80 S.Ct. 1358. The arbitrator's construction holds, however good, bad, or ugly.

*Id.* at 2070-71.

Here, Arbitrator Holstein arguably interpreted the parties' contract; whether that interpretation was right or wrong is not a question for this Court to decide on a motion to vacate. *See id.*; *see also S. Commc'ns Servs., Inc. v. Thomas*, 720 F.3d 1352, 1359 (11th Cir. 2013) cert. denied, 134 S. Ct. 1001, 187 L. Ed. 2d 850 (2014). Accordingly, Capital Pizza's first ground furthered for vacatur is rejected.

6

***Second***, Capital Pizza argues the order and award should be vacated "because Arbitrator Holstein manifestly disregarded the law by concluding the arbitration agreement permits collective action arbitration." Capital Pizza argues Arbitrator Holstein manifestly disregarded the law because his holding is "at war" with the FAA and the Supreme Court case of *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010), and because his interpretation is contrary to Judge Fenner's previous interpretation of the same contract as well as Arbtirator Sochynsky's previous interpretation of the same contract. *See* Order, *Houston v. NPC Int'l Inc.*, No. 4:13-cv-01160, ECF Doc. 25, at 14-18 (W.D. Mo. Mar. 24, 2014); I*n the Matter of the Arbitration between Curtis Hanna and Pizza Hut, Inc.* (AAA July 23, 2013) (Yaroslav Sochynsky, arbitrator).

Capital Pizza's argument is rejected for several reasons. First, the Eighth Circuit no longer recognizes the "manifest disregard of the law" standard as a basis for vacatur under the FAA. *See Air Line Pilots Ass'n Int'l v. Trans States Airlines, LLC*, 638 F.3d 572, 578 (8th Cir. 2011) ("We have since explained the Supreme Court's decision in *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586–87, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), eliminated judicially created vacatur standards under the FAA, including manifest disregard for the law."); *Med. Shoppe Int'l, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 489 (8th Cir. 2010) ("Appellants' claims, including the claim that the arbitrator disregarded the law, are not included among those specifically enumerated in § 10 and are therefore not cognizable.").[2] Second,

---

[2] Capital Pizza cites *SBC Advanced Sols., Inc. v. Commc'ns Workers of Am., Dist. 6,* 794 F.3d 1020, 1027 (8th Cir. 2015) as its authority for vacatur on the basis of manifest disregard of the law; however, that case is distinguishable because it involves vacatur under Section 301 of the Labor Management Relations Act rather than the FAA. That case relied on *Hoffman v. Cargill Inc.,* 236 F.3d 458, 461 (8th Cir. 2001), which involved the FAA and discussed two non-statutory grounds for vacatur recognized by the Eighth Circuit; however, those non-statutory grounds for vacatur under the FAA were later "eliminated" by the Eighth Circuit after the Supreme Court's 2008 decision in *Hall Street. See Air Line Pilots Ass'n Int'l*, 638 F.3d at 57. While some other appellate courts have accepted the argument that "manifest disregard of the law" is subsumed within § 10(a)(4), the Eighth Circuit has not done so. *See Air Line Pilots Ass'n Int'l*, 638 F.3d at 578; *Med. Shoppe Int'l*, 614 F.3d at 489.

Arbitrator Holstein's award is not "at war" with *Stolt-Nielsen* for the same reasons discussed in the *Sutter* decision.[3] Third, the decisions cited by Capital Pizza are not final and binding on Arbitrator Holstein and, moreover, they do not affect this Court's decision on a motion to vacate because they were interpretations rendered upon first impression rather than upon a motion to vacate. Accordingly, the Court rejects Capital Pizza's second ground furthered for vacatur.

***Third***, Capital Pizza argues the Arbitrator's order and award should be vacated "because Arbitrator Holstein manifestly disregarded the law in granting conditional collective action certification." Capital Pizza argues that conditional collective action certification should not have been granted because the evidence necessary to prove class-wide damages and liability is highly individualized, because Linkovich failed to show that he is similarly situated to other purported class members, and because the only way to prove class-wide liability and damages would be to extrapolate the evidence specific to Linkovich to the remaining delivery drivers, which will result in unlawful "trial by formula."

This argument is rejected. As stated above, the Eighth Circuit no longer recognizes the "manifest disregard of the law" standard as a basis for vacatur under the FAA. *See Air Line*

---

[3] As discussed in *Sutter*:

> But Oxford misreads *Stolt–Nielsen*: We overturned the arbitral decision there because it lacked any contractual basis for ordering class procedures, not because it lacked, in Oxford's terminology, a "sufficient" one. The parties in *Stolt–Nielsen* had entered into an unusual stipulation that they had never reached an agreement on class arbitration. *See* 559 U.S., at 668–669, 673, 130 S.Ct. 1758. In that circumstance, we noted, the panel's decision was not—indeed, could not have been—"based on a determination regarding the parties' intent." *Id.,* at 673, n. 4, 130 S.Ct. 1758; *see id.*, at 676, 130 S.Ct. 1758 ("Th[e] stipulation left no room for an inquiry regarding the parties' intent"). Nor, we continued, did the panel attempt to ascertain whether federal or state law established a "default rule" to take effect absent an agreement. *Id.*, at 673, 130 S.Ct. 1758. Instead, "the panel simply imposed its own conception of sound policy" when it ordered class proceedings. *Id.*, at 675, 130 S.Ct. 1758. But "the task of an arbitrator," we stated, "is to interpret and enforce a contract, not to make public policy." *Id.*, at 672, 130 S.Ct. 1758. In "impos[ing] its own policy choice," the panel "thus exceeded its powers." *Id.*, at 677, 130 S.Ct. 1758. The contrast with this case is stark. In *Stolt–Nielsen*, the arbitrators did not construe the parties' contract, and did not identify any agreement authorizing class proceedings. So in setting aside the arbitrators' decision, we found not that they had misinterpreted the contract, but that they had abandoned their interpretive role. Here, the arbitrator did construe the contract (focusing, per usual, on its language), and did find an agreement to permit class arbitration.

*See* 133 S. Ct. at 2069-70.

*Pilots Ass'n Int'l*, 638 F.3d at 578; *Med. Shoppe Int'l*, 614 F.3d at 489. Because Capital Pizza has not identified a specifically enumerated ground for vacatur under § 10, this claim is not cognizable. *See, e.g., Free Country Design & Const., Inc. v. Proformance Grp., Inc.*, No. 09-06129-CV-SJ-DGK, 2011 WL 6032928, at *4 (W.D. Mo. Dec. 5, 2011) ("Defendant's argument that the arbitration award evidences a manifest disregard for the law is not legally viable."); *Precision Press, Inc. v. MLP U.S.A., Inc.*, No. C09-4005-MWB, 2011 WL 1807396, at *9 (N.D. Iowa May 11, 2011) ("Neither Anderson Brothers's ground, that the arbitration panel's decision was in manifest disregard of the law nor its ground that the arbitration panel's decision was completely irrational, are among those listed in § 10, and are thus not cognizable."). "In the absence of an enumerated ground for vacation of the arbitrator's order, we decline to review the merits of his conclusions." *Med. Shoppe Int'l*, 614 F.3d at 489.

***Fourth***, Capital Pizza argues the Arbitrator's order and award should be vacated because Arbitrator Holstein "exceeded his authority and violated Capital Pizza's due process rights in certifying a class that can only be tried by formula." This ground for vacatur is also rejected. Again, the Court notes the limited scope of review on a motion to vacate. As the Supreme Court explained:

> [E]ven if we assumed §§ 10 and 11 could be supplemented to some extent, it would stretch basic interpretive principles to expand the stated grounds to the point of evidentiary and legal review generally. Sections 10 and 11, after all, address egregious departures from the parties' agreed-upon arbitration[.] . . . Instead of fighting the text, it makes more sense to see the three provisions, §§ 9–11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can "rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process," *Kyocera*, 341 F.3d, at 998; *cf. Ethyl Corp. v. United Steelworkers of America*, 768 F.2d 180, 184 (C.A.7 1985), and bring arbitration theory to grief in post arbitration process.

9

*Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). Again, Section 10(a)(4) "permits courts to vacate an arbitral decision only when the arbitrator strayed from his delegated task of interpreting a contract[.]" *Sutter*, 133 S. Ct. at 2070.

Here, Arbitrator Holstein interpreted the parties' contract and, citing Eighth Circuit case law and the standard for conditional collective action certification under the FLSA, he found that differences among potential opt-ins did not prohibit conditional or "first stage" certification under 29 U.S.C. § 216(b), citing to *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 798 (8th Cir. 2014) cert. granted, 135 S. Ct. 2806 (2015) (collecting cases). He noted that further arguments regarding trial by formula could be addressed at the "second stage" of certification – i.e. through a motion to decertify. Even assuming Arbitrator Holstein's conclusions were erroneous – or even seriously erroneous – vacatur is not warranted because Arbitrator Holstein acted within his delegated authority. *Stolt-Nielsen*, 559 U.S. at 671 (noting an arbitrator's error, even serious error, does not alone warrant vacatur).

## CONCLUSION

In accordance with the above discussion, the Court hereby **DENIES** Petitioner's motion to vacate (Doc. 2). This case is hereby **CLOSED** and all other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED:**
Date: November 24, 2015

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**